WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Efraim Almada, Jr., | No. CV-19-04881-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is Efraim Almada, Jr.'s ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of his applications for disability insurance benefits and supplemental security income. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g), 1383(c). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 10).

After reviewing the Administrative Record ("A.R.") and the parties' briefing (Docs. 18, 21, 27), the Court finds that the Administrative Law Judge's ("ALJ") decision contains harmful legal error. For the reasons explained in Section II, the decision is

reversed and the case is remanded to the Commissioner of Social Security for an immediate award of benefits.

# I. LEGAL STANDARDS

## A. Disability Analysis: Five-Step Evaluation

The Social Security Act (the "Act") provides for disability insurance benefits to those who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). The Act also provides for supplemental security income to certain individuals who are aged 65 or older, blind, or disabled and have limited income. 42 U.S.C. § 1382. To be eligible for benefits based on an alleged disability, the claimant must show that he or she suffers from a medically determinable physical or mental impairment that prohibits him or her from engaging in any substantial gainful activity. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). The claimant must also show that the impairment is expected to cause death or last for a continuous period of at least 12 months. *Id*.

To decide if a claimant is entitled to Social Security benefits, an ALJ conducts an analysis consisting of five questions, which are considered in sequential steps. 20 C.F.R. §§ 404.1520(a), 416.920(a). The claimant has the burden of proof regarding the first four steps:[1]

> **Step One**: Is the claimant engaged in "substantial gainful activity"? If so, the analysis ends and disability benefits are denied. Otherwise, the ALJ proceeds to step two.
>
> **Step Two:** Does the claimant have a medically severe impairment or combination of impairments? A severe impairment is one which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied at this step. Otherwise, the ALJ proceeds to step three.

---

[1] *Parra v. Astrue*, 481 F.3d 742,746 (9th Cir. 2007).

**Step Three:** Is the impairment equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step of the analysis.

**Step Four:** Does the impairment prevent the claimant from performing work which the claimant performed in the past? If not, the claimant is "not disabled" and disability benefits are denied without continuing the analysis. 20 C.F.R. §§ 404.1520(f), 416.920(f). Otherwise, the ALJ proceeds to the last step.

If the analysis proceeds to the final question, the burden of proof shifts to the Commissioner:[2]

**Step Five:** Can the claimant perform other work in the national economy in light of his or her age, education, and work experience? The claimant is entitled to disability benefits only if he or she is unable to perform other work. 20 C.F.R. §§ 404.1520(g), 416.920(g). Social Security is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience. *Id.*

**B. Standard of Review Applicable to ALJ's Determination**

The Court must affirm an ALJ's decision if it is supported by substantial evidence and is based on correct legal standards. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Marcia v. Sullivan*, 900 F.2d 172, 174 (9th Cir. 1990). "Substantial evidence" is less than a preponderance, but more than a "mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)).

---

[2] *Parra*, 481 F.3d at 746.

- 3 -

It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

In determining whether substantial evidence supports the ALJ's decision, the Court considers the record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). If there is sufficient evidence to support the ALJ's determination, the Court cannot substitute its own determination. *See Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes*, 881 F.2d at 750; *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Finally, the Court considers the harmless error doctrine when reviewing an ALJ's decision. An ALJ's decision need not be remanded or reversed if it is clear from the record that the error is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) (citations omitted); *Molina*, 674 F.3d at 1115 (an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error "does not negate the validity of the ALJ's ultimate conclusion") (citations omitted).

## II. PLAINTIFF'S APPEAL

### A. Procedural Background

Plaintiff, who was born in 1970, has worked as a retail sales clerk and retail assistant manager. (A.R. 61, 70). In May 2015, Plaintiff filed an application for disability insurance benefits. (A.R. 163-64). Plaintiff's application alleged that on February 8, 2014, he became unable to work due to pyoderma gangrenosum and anxiety disorder. (A.R. 70). Social Security denied the application. (A.R. 96-99). Social Security affirmed the denial of benefits upon Plaintiff's request for reconsideration.

(A.R. 104-07). Plaintiff then requested an administrative hearing. (A.R. 108-09). Prior to the hearing, on October 2017, Plaintiff applied for supplemental security income. (A.R. 177-84). In January 2018, Plaintiff appeared at a hearing before an ALJ. (A.R. 40-68). During the hearing, Plaintiff amended the disability onset date to September 1, 2015. (A.R. 44).

In a June 5, 2018 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 22-39). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6). On August 5, 2019, Plaintiff filed a Complaint (Doc. 1) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Application of the Five-Step Disability Analysis

#### 1. Step One: Engagement in "Substantial Gainful Activity"

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 1, 2015, the amended alleged disability onset date. (A.R. 24). Neither party disputes this determination.

#### 2. Step Two: Presence of Medically Severe Impairment/Combination of Impairments

The ALJ found that Plaintiff has the following severe impairments: "morbid obesity, factor V Leiden venous insufficiency; left upper extremity atrophy; and pyoderma gangrenosum." (A.R. 24). Plaintiff asserts that the ALJ erred by finding that Plaintiff has no severe mental impairments.

#### 3. Step Three: Presence of Listed Impairment(s)

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Social Security regulations. (A.R. 26-27). Neither party challenges the ALJ's determination at this step.

### 4. Step Four: Capacity to Perform Past Relevant Work

The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), with the following restrictions:

> [Plaintiff] is limited to standing/walking for four hours in an eight-hour day and sit for about eight hours in an eight-hour workday with normal breaks; he can occasionally climb ladders, ropes, scaffolds, ramps and stairs; he can occasionally stoop, crouch, kneel, and crawl; and he is limited to frequent balancing; he is limited to occasional reaching, handling, fingering, and feeling with his left, nondominant upper extremity; and he cannot have any exposure to dangerous machinery or unprotected heights.

(A.R. 27). Based on the assessed RFC, the ALJ concluded that Plaintiff is unable to perform his past relevant work. (A.R. 31). Plaintiff argues that the ALJ improperly weighed the evidence in assessing Plaintiff's RFC, but Plaintiff does not dispute the ALJ's determination at Step Four that Plaintiff is unable to perform his past relevant work.

### 5. Step Five: Capacity to Perform Other Work

At the administrative hearing, a vocational expert ("VE") testified that based on Plaintiff's RFC, Plaintiff would be able to perform the requirements of representative occupations such as storage facility rental clerk and ticket seller. (A.R. 63-64). The ALJ found that the VE's testimony was consistent with the information in the Dictionary of Occupational Titles and that the jobs identified by the VE existed in significant numbers in the national economy. (A.R. 32). After considering the VE's testimony, Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff can make a successful adjustment to other work and is therefore not disabled. (*Id.*). Plaintiff asserts that due to restrictions not accounted for in the ALJ's RFC assessment, he is unable to engage in any work.

### C. The ALJ Failed to Provide Valid Reasons for Discounting the Opinions of Treating Psychiatrist Karl Marku, M.D.

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830-31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti*, 533 F.3d at 1041 (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

On October 6, 2017, psychiatrist Karl Marku, M.D. completed a Mental Medical Source Statement.[3] (A.R. 608-13). Dr. Marku stated that Plaintiff has anxiety, panic attacks, and agoraphobia. (A.R. 608). Dr. Marku opined that Plaintiff has "marked"[4] limitations in a number of areas, such as (i) the ability to understand, remember, or apply information; (ii) concentrate, persist, or maintain pace; (iii) maintain attention for a two-hour segment; (iv) maintain regular attendance and be punctual within customary, usually strict tolerances; (v) work in coordination with or proximity to others without being unduly distracted; and (iv) deal with normal work stress. (A.R. 610-11). Dr. Marku also

---

[3] The handwritten date on the form states "10/6/17." (A.R. 613). Although the handwritten date is not entirely clear, Dr. Marku's October 6, 2017 treatment notes clarify that he completed disability paperwork on that date. (A.R. 570).

[4] The form Dr. Marku completed defined "marked" as "functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited (11 to 20 percent of the workday or work week)." (A.R. 610).

- 7 -

opined that Plaintiff has "extreme"[5] limitations in his abilities to (i) interact with others; (ii) remember work-like procedures; (iii) complete a normal workday and workweek without interruptions from psychologically based symptoms; (iv) perform at a constant pace without an unreasonable number and length of rest periods; and (v) respond appropriately to changes in a routine work setting. (A.R. 611). The parties agree that the ALJ's reasons for discounting Dr. Marku's opinions must be specific, legitimate, and supported by substantial evidence in the record. (Doc. 18 at 23; Doc. 21 at 11).

The ALJ gave Dr. Marku's opinions little weight. (A.R. 30). The ALJ first explained that "Dr. Marka [sic] had only a brief treatment relationship with the claimant, and appears to have only evaluated the claimant on one occasion (Exhibit 11F, page 35)." (*Id.*). This statement is not supported by the record. Dr. Marku is employed at Southwest Behavioral Health Services, where Plaintiff commenced mental health treatment in July 2015. Plaintiff participated in numerous counseling appointments. (A.R. 463-507, 516-73). In addition to those counseling appointments, Dr. Marku saw Plaintiff on December 19, 2016, March 21, 2017, June 29, 2017, and October 6, 2017. (A.R. 547-50, 557-59, 564-67, 569-72). This is consistent with Dr. Marku's notation in the Mental Medical Source Statement that he has treated Plaintiff every three months for a year. (A.R. 608). The ALJ's first reason for discounting Dr. Marku's opinions is not a valid reason supported by substantial evidence.[6]

As another reason for discounting Dr. Marku's opinions, the ALJ stated that:
> Dr. Marka [sic] merely checked boxes on a form, never explaining or providing insight as to just why or how the

---

[5] "Extreme" is defined as the inability to function in a particular area "independently, appropriately, effectively, and on a sustained basis (greater than 20 percent of the workday or work week)." (A.R. 610).

[6] Further, even if Dr. Marku did only examine Plaintiff one time, that is an insufficient reason for giving his opinions little weight. An ALJ must consider the opinions of examining physicians and psychologists. *See* 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."); *Lester*, 81 F.3d at 832 (finding that an ALJ erred in discounting examining physician's opinions in favor of non-examining physician's opinions for the reason that the examining physician's opinions were based on a "limited observation" of the claimant).

- 8 -

>claimant was so limited.  This opinion is also inconsistent with the claimant's mental health treatment record, which while showing he experiences anxiety, he does not show marked or extreme limitations on examination (Exhibit 11F).

(A.R. 30).

"[T]here is no authority that a 'check-the-box' form is any less reliable than any other type of form; indeed, agency physicians routinely use these types of forms to assess the intensity, persistence, or limiting effects of impairments." *Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017). As the Ninth Circuit has explained, "the treating physician's opinion as to the combined impact of the claimant's limitations—both physical and mental—is entitled to special weight." *Lester*, 81 F.3d at 833. "The treating physician's continuing relationship with the claimant makes him especially qualified to evaluate reports from examining doctors, to integrate the medical information they provide, and to form an overall conclusion as to functional capacities and limitations, as well as to prescribe or approve the overall course of treatment." *Id.*

Here, the Mental Medical Source Statement form instructed Dr. Marku to provide his opinions based on his own examination of Plaintiff after considering Plaintiff's medical history.  (A.R. 610).  Dr. Marku completed the form on the same date as Plaintiff's October 6, 2017 appointment.  Dr. Marku's October 6, 2017 treatment notes state that he "[f]illed out disability paperwork and reviewed functional limitations at length."  (A.R. 570).  Moreover, to reiterate, Dr. Marku is a psychiatrist at Southwest Behavioral Health Services, where Plaintiff has been treated since July 2015.  Dr. Marku's examination notes from the December 19, 2016 appointment indicate that Dr. Marku reviewed Plaintiff's chart and spent more than fifty percent of the appointment time on "counseling and/or coordination of care."  (A.R. 547).  The Court finds that based on the record, the ALJ improperly rejected Dr. Marku's opinions on the ground that the opinions are in check-box form. *See Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014) (finding that an ALJ committed "a variety of egregious and important errors," including failing "to recognize that the opinions expressed in check-box form in the

February 2008 RFC Questionnaire were based on significant experience with Garrison and supported by numerous records, and were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit").

Further, Dr. Marku's treatment notes are not patently inconsistent with his opinions expressed in the Mental Medical Source Statement. For instance, on March 31, 2017, Dr. Marku noted that Plaintiff's anxiety was above baseline. (A.R. 557). On June 29, 2017, Dr. Marku noted "Anxiety lately d/t medical issues and heat." (A.R. 565). In his treatment notes from Plaintiff's October 6, 2017 appointment, Dr. Marku stated that Plaintiff "still has debilitating agoraphobia and stays home to prevent panic attacks. Anxiety also makes him less likely to try new treatments." (A.R. 570). The Court finds that the ALJ's decision fails to sufficiently explain the ALJ's reasons for concluding that Dr. Marku's opinions are inconsistent with Plaintiff's mental health records. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("we cannot substitute our conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence") (quoting *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ); *see also Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (citation omitted); *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) ("[C]onclusory reasons will not justify an ALJ's rejection of a medical opinion.").

Based on the foregoing, the Court finds that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for assigning little weight to Dr. Marku's opinions. This error is harmful and alone requires remand. The Court therefore does not address Plaintiff's arguments regarding the other alleged errors in the ALJ's decision.

### D. The Case Will Be Remanded for an Award of Benefits

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id*. at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

> 1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.
>
> 2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id*. at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*.
>
> 3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id*.; *Garrison*, 759 F.3d at 1020.

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id*. at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the

- 11 -

record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings. Dr. Marku opined that Plaintiff has "extreme" limitations in a number of work-related areas, such as being able to complete a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods. (A.R. 610). At the administrative hearing, the VE testified that no work is available if Plaintiff would be off task for 15 percent of every eight hour workday. (A.R. 65). The Court finds that if Dr. Marku's opinions were credited-as-true, the ALJ would be required to find that Plaintiff is disabled. The Court does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled. Therefore, based on the record, the Court finds it inappropriate to remand the case for further proceedings. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted). The Court will remand the case for an immediate award of benefits effective September 1, 2015 (the amended disability onset date).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective September 1, 2015.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 27th day of May, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge