WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Efraim Almada, Jr., | No. CV-19-4881-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of the Social Security Administration, | |
| Defendant. | |

On May 27, 2020, the Court issued an Order reversing the Social Security Administration's ("Social Security") denial of Plaintiff's applications for disability insurance benefits and supplemental security income and remanding the matter to the Commissioner of Social Security for an immediate award of benefits. (Doc. 28). Pending before the Court is the Commissioner's "Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e)" (Doc. 30). Plaintiff has filed a Response (Doc. 33), to which the Commissioner has replied (Doc. 34).

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may file a "motion to alter or amend a judgment." The Ninth Circuit has explained that
> [s]ince specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v.*

> *Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted).  But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted).  In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.  *Id*.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).  A Rule 59(e) "motion is not a substitute for appeal and does not allow the unhappy litigant to reargue the case." *Bollenbacher v. Comm'r of Soc. Sec.*, 621 F. Supp. 2d 497, 501 (N.D. Ohio 2008).

In its May 27, 2020 Order, the Court concluded that the Administrative Law Judge ("ALJ") failed to provide valid reasons for discounting the opinions of Plaintiff's treating psychiatrist Karl Marku, M.D.  (Doc. 28 at 6-9).  The Commissioner asserts that the Court committed clear error by remanding the matter for an award of benefits instead of further proceedings.  (Doc. 30).  According to the Commissioner, the Court failed to adequately analyze whether there are any outstanding issues on which further administrative proceedings would be useful.  (*Id.* at 5-7).  The Commissioner does not argue that the record is incomplete.  Instead, the Commissioner argues that there are a number of inconsistencies in the record that should be addressed by the ALJ.  The Court affirms its implicit finding that the record in this matter is fully developed.[1]  "Given this fully developed record, the admission of more evidence would not be 'enlightening,'

---

[1] This finding is implicit in the Court's statement "After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings." (Doc. 28 at 12).

*Treichler*, 775 F.3d at 1101, and 'remand for the purpose of allowing the ALJ to have a mulligan [does not qualify] as a remand for a 'useful purpose,' *Garrison*, 759 F.3d at 1021." *Henderson v. Berryhill*, 691 F. App'x 384, 386 (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) and *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014)).  Further, although there may be some doubt in the record as to whether Plaintiff is disabled, the Court affirms its finding that there is not "serious doubt." (Doc. 23 at 10).  Because (i) the ALJ failed to provide legally sufficient reasons for discounting Plaintiff's symptom testimony, (ii) the record is fully developed and there are no outstanding issues that must be resolved before a disability determination can be made (i.e. further administrative proceedings would not be useful), (iii) crediting Plaintiff's testimony as true would require the ALJ to find Plaintiff disabled on remand, and (iv) there is not "serious doubt" as to whether Plaintiff is disabled, the Court did not commit clear error by exercising its discretion to remand this case for an award of benefits.  *See Garrison*, 759 F.3d at 1020 (noting that the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when all of these conditions are met").  The Court concludes that the Commissioner has not presented a valid basis for granting Rule 59(e) relief.  Accordingly,

**IT IS ORDERED** denying the Commissioner's "Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e)" (Doc. 30).

Dated this 3rd day of August, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge